[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16311
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00315-CR-1-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMERSON VASHON SMALLS,
a.k.a. Fat Boy,
a.k.a. Jamo,
a.k.a. Jamie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 28, 2010)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Jamerson Vashon Smalls appeals his sentence of 262 months' imprisonment, imposed after he pled guilty to 1 count of conspiracy to possess with intent to distribute, and to distribute, 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and 50 kilograms or more of marijuana, in violation of 21 U.S.C. § 846. Smalls argues that the district court erred in applying a role enhancement to his guideline calculation under U.S.S.G. § 3B1.1(a) for being an organizer or leader of a criminal activity. After thorough review, we affirm.

"A defendant's role as an organizer or leader is a factual finding that we review for clear error to determine if the enhancement under § 3B1.1 was applied appropriately." United States v. Ramirez, 426 F.3d 1344, 1355 (11th Cir. 2005). A failure to object to allegations of fact in a PSI admits those facts for sentencing purposes, and "[a] sentencing court's findings of fact may be based on undisputed statements in the PSI." United States v. Bennett, 472 F.3d 825, 832-34 (11th Cir. 2006).

Under § 3B1.1(a), a defendant's offense level is increased by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive . . . ." U.S.S.G. § 3B1.1(a). We have held that § 3B1.1(a) "requires both a leadership role and an extensive operation. Without proof of the defendant's leadership role, evidence of the

operation's extensiveness is insufficient as a matter of law to warrant the adjustment." United States v. Alred, 144 F.3d 1405, 1421 (11th Cir. 1998) (quotation omitted; emphasis in original). The commentary to § 3B1.1 sets forth the factors to be considered by a district court "[i]n distinguishing a leadership and organizational role from one of mere management or supervision," as follows:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n.4). The government must prove the existence of a leadership role by a preponderance of the evidence, but the district court's application of the facts of the case to the guideline factors is entitled to deference on appeal. Alred, 144 F.3d at 1421; Ramirez, 426 F.3d at 1355. The guideline commentary further provides that the defendant will qualify for the enhancement if he was the organizer or leader "of one or more other participants." U.S.S.G. § 3B1.1, comment. (n.2); see United States v. Mandhai, 375 F.3d 1243, 1248 (11th Cir. 2004) (ruling that, with respect to U.S.S.G. § 3B1.1(c), "[t]he assertion of control or influence over only one individual is sufficient to support the [leadership] role enhancement").

3

Here, the district court did not clearly err in applying the guideline factors set forth in the § 3B1.1 commentary to the undisputed facts of the case to determine that Smalls qualified as an organizer or leader of the drug conspiracy. For starters, although Smalls disputed the information in the PSI that was received from two individuals named Chris Robbins and Jemond Burke, Smalls did not dispute the information about his role in the conspiracy that was received from some of the charged co-defendants. Smalls admitted selling drugs to two of these co-defendants, admitted using one co-defendant to transport the drugs, and acknowledged at sentencing that his only objection was to the determination that he was a leader of the conspiracy as described in the PSI.

The undisputed statements of these co-defendants confirm that Smalls exercised decision-making authority over the planning, strategy, pricing, purchase, transport, and delivery operations of the extensive conspiracy. For example, Smalls planned the cross-country purchase of drugs from his own supplier and recruited and directed at least one person, Henry James, and possibly more, to transport and deliver the drugs to various suppliers. Smalls facilitated the installation of trap doors in the vehicles to support the work of the conspiracy. Smalls told distributors how and when to pay for the drugs, and he advised distributors on how to plan their movements to avoid police detection. The

4

undisputed facts show that Smalls took a larger share of the fruits of the conspiracy, given the large quantity of cash that Smalls carried on his person and stored in his residence and his numerous, expensive vehicles, as compared to the $200 to $300 payments made to James for delivery of the drugs. Thus, Smalls engaged in more than a buyer/seller relationship. Further, Smalls' repeated admission that he recruited, directed, and controlled James, and possibly one other participant, is sufficient to support the leadership enhancement. See U.S.S.G. § 3B1.1, comment. (n. 2); Mandhai, 375 F.3d at 1248.[1] Accordingly, we affirm.

**AFFIRMED.**

---

[1] Contrary to Smalls' contentions, United States v. Martinez, 584 F.3d 1022 (11th Cir. 2009), does not apply to this case. In Martinez, we held that the district court clearly erred in applying the leadership-role enhancement because the district court's decision was based on "plainly disputed facts." Martinez, 584 F.3d at 1029. We determined that the few undisputed facts did not suggest that the defendant had any decision-making authority, that he recruited persons into the conspiracy, or that he had control or authority over any co-conspirators. Id. at 1028-29. We thus concluded that the government had not sufficiently established facts to support the application of the leadership-role enhancement. Id. at 1030. In contrast, as described above, the undisputed facts presented by the government in this case, together with Smalls' own admissions, sufficiently support the conclusion that the district court did not err in applying the leadership-role enhancement to Smalls' guideline calculation.